[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S POST JUDGMENT MOTION FOR CONTEMPT TO DETERMINE ARREARAGE AND FOR PAYMENT (#112)
The parties marriage was dissolved on June 2, 1993, at which time the court ordered their written separation agreement incorporated by reference into the judgment. Article III of the agreement, entitled "Alimony and Support" provided: for a term of nine years ending on December 31, 2001 and a cap of three million dollars due the defendant.
Attached as part of their agreement is Schedule A.:
CT Page 9021 It "reflects the alimony amount to be paid based on projected earnings of the husband, if realized."
Schedule A Part I provides that the plaintiff pay a percentage of the plaintiffs income as alimony as defined in Article III.
Paragraph 5.3 of their agreement provides:
 "The Husband and the Wife agree to the allocation of marital assets as listed in Schedule B attached. Included in the allocation of listed assets all carry forward tax attributes from tax year 1990 are allocated to the Husband."
Schedule B lists:
"Short Term Capital Loss Tax Attributes $527,727."
Paragraph 3.1(a) through (t) define the plaintiffs income. The last two sentences of sub-paragraph (a) state:
 "It shall not include any unrealized capital appreciation/depreciation. The income shall be realized and taxable as defined." (Emphasis added.)
In other words, paper profits. Article III makes no mention of paragraph 5.3 or "carry-forward tax attributes" from prior tax years.
The alimony is taxable to the defendant for it shall terminate upon her death and is deductible to the plaintiff The payment to the defendant is provided for in sub-paragraph (h):
 "Payments to the Wife shall be made in the year and manner Husband earns income in accordance with any partnership or investment management agreement."
The court concludes that the alimony due defendant in any year is determined by applying the definition of income covered by the agreement as:
 "Apply to any earnings by the husband as defined by the Internal Revenue Code as ordinary and capital income."
She is entitled to her share of the plaintiffs earnings before the carry-forward tax attributes are utilized by the plaintiff in determining his tax due.
The court further concludes that tax attributes, divided as assets are divided, cannot be used to dilute the alimony bargained for.
The plaintiff argues that the plaintiff would have bargained for a different division of the assets if he was not permitted to utilize the tax attributes as he has done. The division of assets, absent fraud or mutual mistake, is final and not subject to review post judgment. He may replenish his assets in utilizing the tax attributes but not at the defendant's expense. The court notes that Schedule A Part 1 states:
"If the income is earned then SEM shall received (sic) her portion."
The plaintiff bargained for periodic alimony deductible by him. The tax attributes shelter his remaining income from the obligation to pay taxes but the agreement is clear that he cannot use them to shelter himself from his alimony obligation.
The same findings and conclusions apply to the child support obligation of the plaintiff
This court assigns this motion for further hearing on September 6, 2000 for determination of the alimony and child support owed the defendant, the award of interest, and the award of attorney's fees to the defendant for bringing this motion.
So Ordered.
 _____________________ HARRIGAN, J.
CT Page 9022